**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **In re: ARROW ALUMINUM INDUSTRIES, INC.** | Case No. 13-21470-JDL |
| EDNA ELAINE BLACKWELL, | Case No. 13-21493-JDL |
| RICKA BLACKWELL, | Case No. 13-21495-JDL |
| DEBTOR(s) | Chapter 11 |

**OBJECTION OF UNITED STATES TRUSTEE
TO DEBTORS' JOINT DISCLOSURE STATEMENT**

The United States Trustee ("U.S. Trustee") for the Western District of Tennessee respectfully objects to the Debtors' Joint Disclosure Statement ("Disclosure Statement"). A hearing on the Disclosure Statement is scheduled for Wednesday, July 17, 2013.

The Disclosure Statement does not contain "adequate information" as that term is defined in 11 U.S.C. §1125(a) in the following respects:

1. The Disclosure Statement [1] does not include historic financial operating information, for example, a balance sheet and profit and loss statement that would enable creditors to assess the prior operating status and health of the Debtor.

2. While the Disclosure Statement indicates at Section III, B that Exhibit B is a copy of all of the Debtor's Monthly Operating Reports, Exhibit B was not filed with the Disclosure Statement. As such, the Disclosure Statement does not include a Statement of Operations for the entire post-petition period of operations, from the

---

[1] While the Disclosure Statement was filed as a joint Disclosure Statement in the above three cases, the U.S. Trustee's first six objections relate to the Arrow Aluminum Industries, Inc.'s. case. Objection No. Seven pertains to the case of Edna Elaine Blackwell.

OBJECTION OF UNITED STATES TRUSTEE TO            Case Nos. 13-21470; 13-21493; 13-21495
DEBTORS' JOINT DISCLOSURE STATEMENT              Page 2 of 4

date of filing to the date the Disclosure Statement was filed, that would enable creditors to assess the current operating status of the Debtor.

3. To date, Arrow Aluminum has filed monthly Operating Reports for the months of February, March, April and May of 2013. The Disclosure Statement should set out the following:

- In February 2013, the Debtors' Cost of Goods Sold exceeded its sales revenues.

- In March 2013, the Debtors' Cost of Goods Sold was 72.5% of sales.

- In March 2013, the Debtor's net income was $1,251.53 on net sales of $9,017.19.

- In April 2013, Cost of Goods Sold was 72.7% of sales and net income was $105.66 on sales of $9,074.63.

- In May 2013, the Cost of Goods Sold exceeded sales revenue by $3,697.08. The Debtor's net loss was $5,636.18 on sales of $1,240.41.

4. While the Disclosure Statement sets out at Section V, A that Exhibit C is a cash flow analysis, Exhibit C was not attached to the Disclosure Statement. As such, the Disclosure Statement does not incorporate tables of projected income and expenses sufficient to allow creditors to determine the reasonableness of the Plan. Future expenses should factor in payments called for under the Plan specifically.

    The projection should be accompanied by a statement setting forth the underlying assumption indulged in by management in developing the projections.

5. The Disclosure Statement should set out with specificity the dollar amount of any and all contracts that were outstanding at the time the Disclosure Statement was filed and an estimate of the net profit the contracts would generate.

6. The Disclosure Statement should include a liquidation analysis which sets forth in a clear format: estimated administrative expenses; estimated priority, secured and unsecured claims along with estimated asset values.

7. The Disclosure Statement, as it pertains to Ricka Blackwell and Edna Elaine Blackwell, should include information as to whether once their reverse mortgages are obtained if they will dismiss their Chapter 11 cases.

WHEREFORE, the above premises considered, U.S. Trustee prays that:

1. The Court not approve the Disclosure Statement until or unless the issues raised here are resolved.

2. U.S. Trustee be granted a hearing on this Objection.

3. U.S. Trustee be granted such additional general relief to which U.S. Trustee may be entitled.

    Respectfully Submitted,

    Samuel K. Crocker
    United States Trustee for Region 8

    /s/ Madalyn S. Greenwood (#12241)
    Assistant United States Trustee
    200 Jefferson Avenue, Suite 400
    Memphis, TN 38103
    (901) 544-3667

| | |
|---|---|
| OBJECTION OF UNITED STATES TRUSTEE TO DEBTORS' JOINT DISCLOSURE STATEMEN | Case Nos. 13-21470; 13-21493; 13-21495 Page 4 of 4 |

## CERTIFICATE OF SERVICE

I, Madalyn S. Greenwood, hereby certify this 12th day of July, 2013 a true and accurate copy of the foregoing by electronic means and/or via regular U.S. Mail, postage prepaid, to the following persons in accordance with Guideline 17B of the Amended Guidelines for Electronic Filing.

/s/ Madalyn S. Greenwood (#12241)

Debtors
Debtors' Attorney
Mark D. Johnson, Esq.
  **Attorney for FCNB**
  217 W. Market
  P.O. Box 1326
  Dyersburg, TN 38025-1326