UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

In re:

    ARROW ALUMINUM INDUSTRIES, INC.,         Case No. 13-21470-JDL
                                                            Chapter 11

    Debtor.
_____

## DEBTOR'S PLAN OF REORGANIZATION
_____

The Debtor hereby submits the following as its Plan of Reorganization pursuant to 11 U.S.C. § 1121:

I.    <u>Definitions</u>

    A.    <u>Administrative Expenses</u>:  Professional fees, attorney fees and expenses approved by the Court pursuant to Title 11 U.S.C. § 503 including any costs associated therewith.

    B.    <u>Allowed Claims</u>:  A claim which was scheduled by the Debtor as non disputed, non contingent and liquidated or a claim which is filed in the office of the Clerk of the Bankruptcy Court to which no objection is made and allowed by the Court or which is allowed by the Court after an objection has been made thereto.

    C.    <u>Bankruptcy Court or Court</u>:  The United States Bankruptcy Court for the Western District of Tennessee Western Division.

    D.    <u>Case:</u>  The case for the reorganization of the Debtor commenced by voluntary petition under Chapter 11 of Title 11, U.S.C. on February 11, 2013, which is now pending in this Honorable Court.

E. <u>Chapter 11</u>:  Chapter 11 of the Bankruptcy Code (Title 11, United States Code).

F. <u>Confirmation:</u>  A final and non-appealable Order confirming the Plan in accordance with 11 U.S.C. § 1129.

G. <u>Consummation:</u>  Consummation of the Plan of Reorganization by accomplishment of all things provided for in the Plan until the Final Decree is entered.

H. <u>Debtor:</u>  Arrow Aluminum Industries, Inc., a corporation organized and existing under the laws of the State of Tennessee.

I. <u>Default:</u>  Failure of the Debtor to comply with any of the material provisions of the Plan.

J. <u>Effective Date:</u>  The first business day following the fourteenth (14) calendar day after Confirmation.

K. <u>Final Decree:</u>  The Order declaring the Plan consummated.

L. <u>Notice of Default:</u>  Filing with the Court by an interested party a statement notifying the Court and all creditors that the Debtor has defaulted under the Plan.

M. <u>Plan or Plan of Reorganization:</u>  This Plan of Reorganization and any amendments thereto filed pursuant to Chapter 11 of Title 11, U.S.C., and as confirmed by Order of this Court.

N. <u>State Court Litigation:</u>  The litigation styled *Ted Blackwell and Arrow Aluminum, Inc. v. First Citizens National Bank*, Case No. 1011-cv-30, pending in the Weakley County Circuit court.

O. <u>Unclaimed Funds:</u>  Funds represented by a distribution check which remains uncashed (a) as to any check no returned by the United States Postal Service, after

ninety (90) days following the mailing of the check to the last known address to the intended recipient, or (b) as to any check returned by the United States Postal Service after ninety (90) days following the Debtor's or other sender's reasonable, good faith attempt to ascertain the intended recipient's correct mailing address, and if a correct mailing address is found within such time period, re-mailing of the check.

II.  Plan Payments

The Debtor proposes to pay its Plan payments from ongoing operations until all secured, undersecured, priority and general unsecured classes are paid as provided herein.

Except as provided herein, all liens and claims held by creditors shall attach the proceeds of any sale or disposition of the collateral. The Debtor may sell some assets in the ordinary course of business and replace the equipment. The proceeds of any sale will be used to pay off the secured claims against the asset and thereafter will be retained by the Debtor.

III.  Classification of Claims and Interests

The claims will be classified as follows:

    Class 1:   First Citizens National Bank - Secured claim and impaired.

    Class 2:   IRS and State of Tennessee - Priority and unsecured.

    Class 3:   Internal Revenue Service - Undersecured claim and impaired.

    Class 4:   First Citizens National Bank - Undersecured claim and impaired.

    Class 5:   General unsecured creditors.

    Class 6:   Equity interest holders in the stock of the Debtor.

IV.  Treatment of Claims

    Class 1:   The secured claim of First Citizens National Bank shall be in the amount of $200,000.00  It will be amortized over fifteen (15) years and accrue interest at the rate of five percent (5%) per annum.

| | | |
|---|---|---|
| Class 2: | | The Internal Revenue Service shall be paid its allowed, priority unsecured claim in full over sixty (60) months from confirmation. |
| Class 3: | | The secured claim of Internal Revenue Service will be treated as fully undersecured in Class 2 and 5. The Internal Revenue Service lien shall be dissolved. |
| Class 4: | | First Citizens National Bank will retain an unsecured claim for the undersecured portion of its debt after receipt of funds from the reverse mortgage obtained by the principals. To the extent any claim remains, it will be held in abeyance until the final outcome of the State Court Litigation. |
| Class 5: | | The undersecured (except First Citizens National Bank) and unsecured claim portion of secured creditors receive preferred stock in proportions. The allowed preferred stock shall be entitled to five percent (5%) of each creditor's allowed claim, pro-rata, without interest, late charges, penalties or attorney fees. |
| Class 6: | | The equity holders shall retain their interests. |

V.   Executory Contracts

All executory contracts not previously rejected are hereby assumed.

VI.   Equity Security Interest

All capital stock shall be retained and no new stock will be issued. No dividend shall be paid until after consummation of the Plan and entry of a Final Decree.

VII.   Means for Execution

The Debtor shall retain all assets except as provided in the Plan. Plan payments will be paid directly by Debtor.

Defaults in the Plan may be brought to the Court's attention by an interested party. The Debtor is authorized to employ professional persons to continue representation of the Debtor for all matters arising post-confirmation.

There are not believed to be any preferential or fraudulent transfers.

Creditors desiring to cast ballots shall do so at or before the confirmation hearing. Objections to confirmation shall be filed at least ten (10) days prior to the confirmation hearing.

All current post-petition expenses will constitute post-confirmation obligations of the Debtor and be paid in full according to ordinary financial terms.

Applications for payment of administrative and professional fees and expenses shall be filed within thirty (30) days after the Order confirming Plan is entered.

Objections to the allowance of claims by any interested party shall be filed within sixty (60) days of the Effective Date with notice of the objection being served upon the Debtor, Debtor's counsel, a creditor whose claim is being objected to and the U.S. Trustee's Office.

Monthly reports shall continue to be filed by the Debtor and quarterly fees will continue to be paid by the Debtor until a Final Decree is entered. Any post confirmation monthly reports will include an anticipated date as to when the Final Decree will be entered and contain any reasons as to why an application for Final Decree has not been filed. An application for a Final Decree pursuant to Federal Rule of Bankruptcy Procedure 3022 shall be filed after the Confirmation order has become final.

The Court shall retain jurisdiction for purposes of determining any and all objections to the allowance of claim; to determine any and all applications for compensation and expenses; to determine any and all pending applications and adversary proceedings and contested and litigated matters except those resolved by this Plan; to enforce provisions of the Plan; to correct any defect, cure any omission or reconcile any inconsistency in the Plan or in the Order of Confirmation as may be necessary to carry out the purpose and intent of the Plan; and to determine such other matters as may be provided for in the Order of the Court confirming the Plan.

VII. <u>Miscellaneous</u>

The Debtor shall retain all assets and all creditors having valid liens on such assets retained by the Debtor shall retain their lien to the extent of their secured claim. Entry of the Order of Confirmation of the Plan will be a discharge of the Debtor pursuant to 11 U.S.C. § 362(c).

All present officers and managers of the Debtor shall continue. Prior to the entry of the Final Order, the Debtor will not make or permit to be made any material changes in the charter or nature of its business as carried out on the date of confirmation of the Plan, without notice and opportunity for hearing.

Prior to entry of the Final Decree, the Debtor shall not assume, guarantee or otherwise become directly or contingently liable in connection with any obligation of any other person, firm or corporation, nor shall it make any loan or advance to extend any credit to any person, firm or corporation, except in the ordinary course of business without approval of the Court. Prior to entry of the Final Decree the Debtor shall not sell, lease, assign, transfer or otherwise dispose of all or a substantial portion of its assets without prior approval of the Court.

All right, title and interest in and to any distribution that becomes unclaimed funds shall immediately and irrevocably vest in, and revert to and become the property of, the Debtor, and the holder of the allowed claim to which such distribution relates shall be deemed to have no further or additional claim against the Debtor with regard to such allowed claim or distribution or the unclaimed funds represented thereby.

Respectfully submitted,

ARROW ALUMINUM INDUSTRIES, INC.

/s/William Ted Blackwell (signature on file)
William Ted Blackwell, President

By: /s/ Steven N. Douglass
Steven N. Douglass (Tenn. Disc. No. 009770)
Chandra Madison (Tenn. Disc. No. 30536)
Harris Shelton Hanover Walsh, PLLC
40 S. Main St., Ste. 2700
Memphis, Tennessee 38103-2555
Fax: (901) 526-4084
E-mail: sdouglass@harrisshelton.com