**Dated: January 06, 2014**
**The following is ORDERED:**



_____
**Jennie D. Latta**
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

IN RE: ARROW ALUMINUM INDUSTRIES, INC.         NO. 13-21470 .
                                                Chapter  11
              DEBTOR
_____

### ORDER GRANTING RELIEF FROM AUTOMATIC STAY

This matter came to be heard upon the Motion for Relief from the automatic stay filed in this action by FIRST CITIZENS NATIONAL BANK (hereinafter "FCNB") seeking the lifting of the stay to allow FCNB to proceed with repossession and liquidation sale of properties of the debtor.

It appearing to the court that the accounts, equipment and inventory of the business ARROW ALUMINUM INDUSTRIES, INC. are pledged as collateral on obligations to FCNB and that under all of the circumstances of the case, the stay should

now be lifted to allow FCNB to proceed immediately with the repossession and sale of this collateral.

It further appearing to the court that the circumstances of the case warrant the lifting of the stay as to these assets (the accounts, equipment and inventory of ARROW ALUMINUM INDUSTRIES, INC.) on an in rem basis and for a period of two years from and after the entry of this order so as to allow FCNB to proceed and continue with the liquidation of this collateral during the period of two years after entry of the order without the violation of any automatic stay(s) which may be subsequently issued due to any dismissal or refilling of bankruptcy proceedings which would otherwise effect and protect these particular assets.

It further appearing that at the outset of these proceedings the individual guarantors (Bill Blackwell , et wife and Ted Blackwell et wife) had conveyed their personal residences and related real property to this corporate debtor making such holdings an asset of this bankruptcy estate and then subject to the automatic stay. Since the filing of the subject motion by FCNB, the properties have been transferred back to the individuals. Although the respective wives had each presented individual bankruptcy actions, those individual bankruptcies have now also been voluntarily dismissed. Although FCNB has requested that the stay be lifted as to these individual real property holdings and that the lifting of the stay be declared in rem pursuant to 11 USC 362(d)(4) the court finds that the conveyance of these properties from the corporate debtor to the individuals combined with the dismissal of the individual debtor bankruptcy  cases has resulted in the termination of the stay by operation of law as to these real estate holdings and FCNB may proceed to foreclosure of the same without

violation of any stay orders of this court.

It further appearing that the commercial property on Neal Street in Martin, Tennessee which has served as the principal offices of the corporate debtor are now owned by FCNB due to the prior foreclosure of these properties and purchase by the mortgagee bank. There are pending actions in state court whereby FCNB is attempting to evict the debtor and attain the actual possession of these foreclosed properties. The court finds that the stay should be lifted to allow FCNB to proceed immediately with the state court actions for eviction and possession in the event the debtors fail to vacate the premises.

**IT IS THEREFORE ORDERED:**

1. That the stay is lifted in rem and for a period of two years following the entry of this order to allow FCNB to proceed, in accordance with its security instruments and state law requirements, with the repossession and sale of the accounts, inventory and equipment of the debtor pledged as collateral to FCNB. The lifting of this stay in rem as to these assets shall remain effective for that two year period even in the event of dismissal and refilling of any subsequent bankruptcy proceeding by this debtor.

2. There is presently no stay in effect as to the real property pledged by the individual guarantors to FCNB and action by FCNB to foreclose the same, if taken, would not be in violation of any present orders of protection and stay of proceedings under 11 USC 362.

3. The stay is also lifted to allow FCNB to proceed to prosecute its state court action for eviction of the debtor and return of possession of the commercial real

estate located on Neal Street in Martin, Tennessee which was previously foreclosed upon by FCNB.

**APPROVED FOR ENTRY:**

/s/ Mark D. Johnston_____
Mark D. Johnston (B.P.R. #007277)
Attorney for FCNB
P.O. Box 1326
Dyersburg, TN  38025-1326
(731)  285-7726

**APPROVED AS TO FORM:**

/s/ Steven N. Douglass_____
Steven N. Douglass
Attorney for Debtor
40 S. Main St. Ste. 2700
Memphis, TN  38103-2555

## REQUEST FOR SERVICE

I, the undersigned respectfully request that a copy of this Order be mailed to the following interested persons:

Steven N. Douglass
Attorney for Debtor
40 S. Main St. Ste. 2700
Memphis, TN  38103-2555

Arrow Aluminum Industries, Inc.
113 Neal Street
Martin, TN  38237

Madalyn S. Greenwood
Assistant U.S. Trustee
United States Department of Justice
Office of the United States Trustee, Region 8
200 Jefferson Avenue, Suite 400
Memphis, TN 38103

Mark D. Johnston
Attorney for FCNB
P.O. Box 1326
Dyersburg, TN  38025-1326

/s/ Mark D. Johnston_____
Mark D. Johnston