# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

In re:   ARROW ALUMINUM INDUSTRIES, INC.,           Case No. 13-21470-JDL

Debtor.                                              Chapter 11

### UNITED STATES TRUSTEE'S MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 1112(b)

COMES NOW Samuel K. Crocker, United States Trustee for Region 8 ("U.S. Trustee"), in furtherance of his administrative responsibility imposed by 28 U.S.C. §586, hereby moves this court for an order dismissing the above numbered and captioned Chapter 11 case pursuant to 11 U.S.C. § 1112(b).  In support of his motion, the U.S. Trustee respectfully states and represents as follows:

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1334, 157(a), and the standing order of reference. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).  The predicate for the relief requested herein is Bankruptcy Code section 1112(b).

2. Pursuant to 28 U.S.C. § 586, the U. S. Trustee is charged with the administrative oversight of cases commenced pursuant to Title 11 of the United States Bankruptcy Code. This duty is part of the U. S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U. S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re RevcoD.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U. S. Trustee as a "watchdog"). Pursuant to 11 U.S.C. § 307, the U. S. Trustee has standing to bring the instant Motion.

3. On February 11, 2013, Arrow Aluminum Industries, Inc., ("Debtor") filed a Chapter 11 voluntary petition under Title 11 of the United States Bankruptcy Code ("Bankruptcy Code").

4. On January 7, 2014, the Court entered an Order lifting the automatic stay and allowing First Citizens National Bank to proceed with repossessions and liquidation of the majority of the Debtor's assets.

5. Based on the foregoing, it does not appear the Debtor has the ability to propose a confirmable plan and the instant case should be dismissed.

**WHEREFORE,** U.S. Trustee respectfully requests that:

1. The Court dismiss the instant Chapter 11 case.

2. The Court grant U.S. Trustee such additional general relief to which he may be entitled.

> Respectfully submitted,
>
> SAMUEL K. CROCKER,
> UNITED STATES TRUSTEE, REGION 8
>
> /s/ Madalyn S. Greenwood (#12241)
> Assistant U.S. Trustee
> United States Department of Justice
> Office of the United States Trustee, Region 8
> 200 Jefferson Avenue, Suite 400
> Memphis, TN  38103
> 901/544-3667

## CERTIFICATE OF SERVICE

I, Madalyn S. Greenwood, hereby certify this the 8th day of January, 2014 service of a true and accurate copy of the foregoing by electronic means and/or via regular U.S. Mail, postage prepaid, to the following persons in accordance with Guideline 17B of the Amended Guidelines for Electronic Filing.

/s/ Madalyn S. Greenwood. (#12241)

Debtor; Debtor's Attorney; All Parties listed on the Matrix